Dewey, J.
George Merhle, Jacob Merhle, and Francis G. Kendall, for the use of Jenners, describing themselves as late traders under the firm of “Merkle, Kendall, and Co.,” sued Wilson before a justice of the peace in debt; and filed as their cause of action a note executed by Wilson, by which he promised to pay “Merhle, Kendall, and Co.,” &c. The defendant pleaded, that on the day of the date of the note he bought certain town lots of the plaintiffs, and executed .the *note on which the suit was founded for a part of the price of them; and that on the same day the plaintiffs *126 executed their bond to him, conditioned to make him a title on the payment of the purchase-money. The plea then impeached the plaintiff’s title to the lots and alleged fraud. The defendant also filed the bond. The title to real estate having come in question by the plea, the justice proceeded no farther with the trial, but filed a transcript of his proceedings, together with the papers in the cause, in the Circuit Court. The defendant moved that Court to dismiss the suit for want of a sufficient cause of action, it not appearing, as he alleged, that the note filed before the justice was payable to the plaintiffs. The motion was Overruled. On the trial, .the defendant offered in evidence the bond purporting to be executed by the plaintiffs, which he had filed before the justice, without having proved its execution. The plaintiffs objected to its admission, and the Court rejected it. Final judgment for the plaintiffs.
There was no error, we conceive, in refusing to dismiss the suit. If the objection, that there was no sufficient cause of action, could at any time have been sustained, it was too late to make it after the filing of the special plea, and the transfer of the cause to the Circuit Court. The plea admitted that the note was payable to the plaintiffs, and undertook to avoid it by alleging that the plaintiffs had no title to the property for which it was given.(1)
But there was error in rejecting the bond offered in evidence by the defendant. There was no necessity for proving its execution under the circumstances of the case. The execution of a written contract being the foundation of the action or defense, and set out in any part of the pleadings, can be denied only on oath. R. Stat., 1838, p. 449. It is true, the statute does not expressly include causes commenced before justices of the peace, but its language is broad enough to reach them, and it contains no restraining clause. We think these causes are within the statute. There was no replication in this case, nor is a replication ordinarily required before a justice. But if either party would require proof of the execution by himself of a written instrument of the character above stated,, an oath denying its execution is indispensable. (2)
R. C. Gregory, for the plaintiff.
W. M. Jenners and R. A. Chandler, for the defendants.
*Per Gwriam.—The judgment is reversed at the costs of the relator. Cause remanded, &c.

 Watkin v. Gregory, ante, 113, and note.

 Rev. Stat., 1838, p. 382.